1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FABIAN HANCY MICHEL,                    No.  2:21-cv-2178 WBS KJN P

12                 Plaintiff,

13         v.                                 ORDER

14    CONNIE GIPSON, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18  42 U.S.C. § 1983.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19  and Local Rule 302.

20         On January 12, 2022, it was recommended that this action be dismissed based on

21  plaintiff's failure to file an application to proceed in forma pauperis or pay the court's filing fee.

22  On February 4, 2022, plaintiff filed an application to proceed in forma pauperis.  Therefore, the

23  findings and recommendations are vacated.

24         Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

25  Accordingly, the request to proceed in forma pauperis is granted.

26         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

27  §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

28  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

1    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2    forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

3    of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

4    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

5    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

6    § 1915(b)(2).

7           On January 24, 2022, plaintiff filed an amended complaint, which is now before the court.

8    As discussed below, the amended complaint is dismissed with leave to amend.

9    Screening Standards

10          The court is required to screen complaints brought by prisoners seeking relief against a

11    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

12    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

13    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

14    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

15          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

17    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

18    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

19    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

20    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

21    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

22    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

23    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

24    1227.

25          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

26    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

27    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

28    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

2

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Applicable Civil Rights Standards

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the

1   supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal

2   connection between the supervisor's wrongful conduct and the constitutional violation." Hansen

3   v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  The requisite causal connection between a

4   supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

5   established in a number of ways, including by demonstrating that a supervisor's own culpable

6   action or inaction in the training, supervision, or control of his subordinates was a cause of

7   plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los

8   Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  A plaintiff must also show that the supervisor had

9   the requisite state of mind to establish liability, which turns on the requirement of the particular

10  claim -- and, more specifically, on the state of mind required by the particular claim -- not on a

11  generally applicable concept of supervisory liability.  Oregon State University Student Alliance v.

12  Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

13  Plaintiff's Allegations

14          Plaintiff claims that his due process rights were violated in connection with three prison

15  disciplinaries.  In his second claim, plaintiff alleges that such due process violations also violated

16  plaintiff's "constitutional right to have liberty from retaliation by way of depriving [him] of

17  liberty by extending [his] prison commitment[,] breaking the [his] plea bargain."  (ECF No. 9 at

18  11.)  Plaintiff initially states the violations occurred at Mule Creek State Prison, and titles his

19  pleading "Complaint for Money Damages & Injunction."  (ECF No. 9 at 1.)  In the body of his

20  pleading he appears to seek release from prison.  In the section styled "Declaration of

21  Sovereignship As in a Request for Relief," plaintiff appears to seek a "declaration of judgment"

22  and a "declaration of sovereignship."  (ECF No. 9 at 14.)  Plaintiff names fourteen individuals as

23  defendants, including four who worked at LAC-Lancaster, and three who worked at California

24  Correctional Institution ("CCI"), Tehachapi.  (ECF No. 9 at 2.)

25  Discussion

26          Civil Rights vs. Habeas Corpus

27          As a general rule, a claim that challenges the fact or duration of a prisoner's confinement

28  should be addressed by filing a habeas corpus petition, while a claim that challenges the

1   conditions of confinement should be addressed by filing a civil rights action.  See Wolff v.

2   McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973);

3   Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

4   Plaintiff's claim that the alleged due process violations resulted in a violation of his underlying

5   plea agreement requiring his release from prison must be raised, if at all, in a petition for writ of

6   habeas corpus under 28 U.S.C. § 2254.[1]  Release from custody is not available through a civil

7   rights action.[2]

8           Misjoinder of Parties

9           Second, plaintiff includes multiple unrelated allegations against different defendants.

10  Plaintiff names fourteen defendants, many of whom are employed at different prisons, another is

11  Director of the Adult Institutions, and another is associate director of the Office of Appeals.  The

12  common thread among such defendants is their purported role in addressing plaintiff's three

13  separate rules violation reports.

14          Pursuant to Federal Rule of Civil Procedure 20(a), individuals may be joined in one action

15  as defendants if any right to relief asserted against them arises out of the same transaction,

16  occurrence, or series of transactions and occurrences, and any question of law or fact common to

17  all defendants will arise in the action.  See also George v. Smith, 507 F.3d 605, 607 (7th Cir.

18  2007) ("Unrelated claims against unrelated defendants belong in different suits").  If unrelated

19  claims are improperly joined, the court may dismiss them without prejudice.  Fed. R. Civ. P. 21; 7

20  Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Fed. Prac. & Proc. Civ.3d

21  § 1684 (2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir.1988)

22  (affirming dismissing under Rule 21 of certain defendants where claims against those defendants

23  did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

24  _____

25  [1]  Because it is clear plaintiff is challenging the violations of his civil rights based on conditions
    of confinement, the undersigned declines to recharacterize the complaint under § 1983 as a
26  habeas petition under 28 U.S.C. § 2254.  See Castro v. United States, 540 U.S. 375, 381-83
    (2003); Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016).

27
    [2]  By separate findings and recommendations, the undersigned addresses plaintiff's separately-
28  filed motion for injunctive relief.

Simply because plaintiff sustained due process violations during disciplinary proceedings concerning three separate rules violation reports does not demonstrate such violations arose from the same transaction, occurrence, or series of transactions and occurrences.  Rather, if plaintiff sustained due process violations during the hearing on Log No. 704773, any resulting challenges will differ from those involved in Log Nos. 7049553 and 7064917, unless the hearing officers were the same for all three hearings.  Otherwise challenges to the subsequent hearings must be raised in separate civil rights action.

Grievances

Third, challenges concerning the handling of grievances are not cognizable.  The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  However, plaintiff has no stand-alone due process rights related to the administrative grievance process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  A prison official's denial of a grievance does not itself violate the constitution.  Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016).  Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation.  See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Thus, plaintiff cannot state a due process claim based on defendant Moseley's role in addressing plaintiff's grievance and should not be named as a defendant in any amended complaint.  Also, plaintiff cannot state a due process claim against Director Gipson based solely on plaintiff's claim that he put Gipson on notice through plaintiff's 602 grievance claim.  (ECF No. 9 at 8.)  Plaintiff alleges no facts demonstrating Gipson's personal involvement in the alleged

6

1  due process violations, or establishing a causal connection between Gipson's actions or inactions

2  and such violations.  Plaintiff should not include Gipson in any amended pleading.

3      Exhaustion of Administrative Remedies

4      A prisoner may bring no § 1983 action until he has exhausted such administrative

5  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.

6  Churner, 532 U.S. 731, 741 (2001).  An appeal must be presented on a CDC form 602.

7      Plaintiff concedes that he did not exhaust administrative remedies and states "he has

8  submitted a grievance" but has not yet received a response.  (ECF No. 9 at 8.)  Exhaustion of

9  administrative remedies is a prerequisite to bringing suit under § 1983. 42 U.S.C. § 1997e(a);

10  Ross v. Blake, 136 S. Ct. 1850, 1854-57 (2016); Manley v. Rowley, 847 F.3d 705, 711-12 (9th

11  Cir. 2017).  Thus, plaintiff should refrain from filing a civil rights complaint as to any prison

12  disciplinary for which plaintiff has not yet exhausted his administrative remedies to the final

13  level.

14      Due Process Claims

15          Applicable Standards

16      Prisoners have certain due process rights in disciplinary proceedings that may take away

17  credits.  See Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974).  However, in prison disciplinary

18  proceedings, an inmate is not entitled to the full panoply of due process rights that apply to

19  traditional criminal cases.  Wolff, 418 U.S. at 556.  In the prison disciplinary context, due process

20  requires that the prisoner receive:  (1) written notice of the charges; (2) at least 24 hours between

21  the time the prisoner receives written notice and the time of the hearing, so that the prisoner may

22  prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and

23  reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present

24  documentary evidence in his defense, when permitting him to do so would not be unduly

25  hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner

26  where the prisoner is illiterate or the issues presented are legally complex.  Wolff, 418 U.S. at

27  563-71.  Due process also requires that there be "some evidence" to support the disciplinary

28  decision.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  The Due Process Clause only

7

1   requires that prisoners be afforded those procedures mandated by <u>Wolff</u> and its progeny; it does

2   not require that a prison comply with its own, more generous procedures.  <u>See</u> <u>Walker v. Sumner</u>,

3   14 F.3d 1415, 1419-20 (9th Cir. 1994), <u>overruled on other grounds by</u> Sandin, 515 U.S. at 483-

4   84.  If due process is satisfied under such standards, the alleged falsification of reports or other

5   evidence does not demonstrate any violation of plaintiff's constitutional rights.  <u>See</u> <u>Sprouse v.</u>

6   <u>Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989); <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2nd Cir.

7   1986); <u>Hanrahan v. Lane</u>, 747 F.2d 1137, 1141 (7th Cir. 1984).

8                         <u>Discussion</u>

9          Plaintiff's allegations are too vague and conclusory for the undersigned to determine

10  whether he can state a cognizable due process claim as to a particular rules violation report

11  hearing.  As discussed above, plaintiff must challenge each rules violation in a separate civil

12  rights action unless all of the defendants named in connection therewith are the same.

13         In addition, it appears that one of the decisions on the rules violation was reversed or

14  vacated pending a rehearing to remedy the due process violation by providing plaintiff a new

15  hearing at which his due process rights could be protected.  While plaintiff appears to believe that

16  such process amounted to double jeopardy, plaintiff is advised that having a new hearing is the

17  proper remedy where due process rights were violated at the prior hearing.  As stated above,

18  plaintiff is not entitled to the full panoply of due process rights that apply to traditional criminal

19  cases.  <u>Wolff</u>, 418 U.S. at 556.  Thus, if the second hearing rectified the prior due process

20  violations, no due process challenge to the prior hearing remains.

21         In an abundance of caution, plaintiff is granted leave to file a second amended complaint

22  that challenges one disciplinary proceeding that took place at Mule Creek State Prison, which is

23  located within this court's jurisdiction.  Challenges to disciplinary proceedings that took place at

24  LAC- Lancaster must be filed in the United States District Court for the Central District of Los

25  Angeles, and those that took place at the CCI in Tehachapi must be filed in the Fresno Division of

26  the Eastern District of California.  But plaintiff must first exhaust his administrative remedies as

27  to each challenge.

28  ////

1    Putative Retaliation Claim

2    Finally, although plaintiff uses the word "retaliation," he sets forth no facts supporting

3    such a cause of action.  In an abundance of caution, plaintiff is provided the elements governing a

4    retaliation claim.

5    "Prisoners have a First Amendment right to file grievances against prison officials and to

6    be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

7    (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

8    prison or jail context has five elements:  "(1) An assertion that a state actor took some adverse

9    action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

10    (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

11    reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68

12    (9th Cir. 2005).  In order to state a cognizable retaliation claim, the prisoner must address all five

13    elements in the pleading.

14    Leave to Amend

15    The court finds the allegations in plaintiff's amended complaint so vague and conclusory

16    that it is unable to determine whether the current action is frivolous or fails to state a claim for

17    relief.  The court has determined that the amended complaint does not contain a short and plain

18    statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

19    pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

20    succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

21    allege with at least some degree of particularity overt acts which defendants engaged in that

22    support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

23    R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  However, the court grants leave to

24    file a second amended complaint.

25    If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

26    the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

27    statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended

28    complaint must allege in specific terms how each named defendant is involved.  There can be no

9

1  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

2  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

3  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

4  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

5  violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6       Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[3]  See

7  Fed. R. Civ. P. 20(a)(2).  Plaintiff is cautioned that his continued violation of court orders may

8  result in the involuntary dismissal of this action.  Fed. R. Civ. P. 41(b).

9       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

10  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

11  complaint be complete in itself without reference to any prior pleading.  This requirement is

12  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

13  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

14  original pleading no longer serves any function in the case.  Therefore, in a second amended

15  complaint, as in an original complaint, each claim and the involvement of each defendant must be

16  sufficiently alleged.

17       Finally, plaintiff is required to file any second amended complaint on the court's

18  complaint form to ensure that he identifies the relief requested.

19       In accordance with the above, IT IS HEREBY ORDERED that:

20       1.  The January 12, 2022 findings and recommendations (ECF No. 8) are vacated.

21       2.  Plaintiff's request for leave to proceed in forma pauperis is granted.

22  _____

23  [3]  A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18.
In addition, a plaintiff may join multiple defendants in one action where "any right to relief is

24  asserted against them jointly, severally, or in the alternative with respect to or arising out of the
same transaction, occurrence, or series of transactions and occurrences" and "any question of law

25  or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated
claims against different defendants must be pursued in separate lawsuits.  See George, 507 F.3d at

26  607.  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple
defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the

27  Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner
may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George, 507 F.3d at

28  607.

10

3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4.  Plaintiff's amended complaint is dismissed.

5.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  February 14, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mich2178.14amd

11