UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN HANCY MICHEL, | No. 2:21-cv-2178 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| CONNIE GIPSON, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a motion for temporary restraining order and preliminary injunction.  Plaintiff contends that his immediate release from prison is the only adequate remedy for an existing Eighth Amendment violation based on plaintiff's continuing unreasonable risk of exposure to COVID-19 due to plaintiff's "advanced age and/or medical infirmities." (ECF No. 10 at 1.)

     First, to the extent plaintiff seeks a temporary restraining order without notice upon an adverse party, he cannot prevail because his submission fails to set out "specific facts in an affidavit or a verified complaint . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (stating that "injunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is

1

1 asked to enjoin the conduct of a state agency) (quoting Rizzo v. Goode, 423 U.S. 362, 378

2 (1976)).  While plaintiff's second amended complaint is verified, it contains no allegations

3 concerning conditions of confinement at California Correctional Institution ("CCI"), Tehachapi,

4 where he is presently housed, related to COVID-19.

5      Second, a federal district court may issue emergency injunctive relief only if it has

6 personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy

7 Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a

8 party officially, and is required to take action in that capacity, only upon service of summons or

9 other authority-asserting measure stating the time within which the party served must appear to

10 defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g.,

11 Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).  Pursuant to Federal Rule of Civil

12 Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents,

13 servants, employees, and attorneys," and "other persons who are in active concert or

14 participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).

15      Here, plaintiff's amended complaint challenges actions taken during certain disciplinary

16 proceedings at Mule Creek State Prison, LAC Lancaster, and CCI.  But plaintiff's amended

17 complaint was dismissed by separate order, granting plaintiff leave to pursue only those due

18 process claims arising from disciplinary hearings at Mule Creek State Prison.  Thus, to the extent

19 plaintiff seeks injunctive relief concerning conditions of confinement at his current housing,

20 plaintiff must bring such action in the Fresno Division of the Eastern District of California.

21 Moreover, because the prospective injury alleged in his motion differs from the allegations in his

22 second amended complaint, his motion must be denied.  "[T]here must be a relationship between

23 the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying

24 claim."  Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th

25 Cir. 2015).

26      Finally, "a prisoner in state custody cannot use a § 1983 action to challenge the fact or

27 duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state

28 relief) instead."  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation

marks omitted).  It appears plaintiff is aware he must raise such a claim through a habeas petition because his motion, although filed in his civil rights action, is captioned as a habeas corpus action, and he refers to habeas corpus relief in his motion.  Therefore, to expedite plaintiff's motion, the undersigned denies the motion without prejudice to filing a habeas petition and motion in the Fresno Division of this court, and provides petitioner the form for filing a habeas petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 10) is denied without prejudice; and

2. The Clerk of the Court shall send petitioner the form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Dated:  February 14, 2022

/mich2178.tro.pi

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE