1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FABIAN HANCY MICHEL,                No.  2:21-cv-2178 WBS KJN P

12                Plaintiff,

13        v.                            ORDER

14   CONNIE GIPSON, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C.

18   § 1983.  Plaintiff requests another 90-day extension of time to file his second amended complaint,

19   and asks that the court appoint counsel.  As discussed below, plaintiff's motion for appointment

20   of counsel is denied, and his motion for extension of time is granted.

21        Plaintiff claims he intentionally injured himself, and was released from the hospital to a

22   mental health crisis bed from which he was released three days ago.  He states he is having a

23   difficult time understanding the court's rules; he was retained in first grade, then placed in

24   English as a second language, and then put in special ed, and was once put in the developmental

25   disability program.

26        The court appreciates the difficulties plaintiff is facing.  However, plaintiff has not

27   identified any factual allegations that would assist the court in determining whether plaintiff can

28   state a cognizable civil rights claim.  Rather, plaintiff's claims were vague and conclusory, and

1

1  involved fourteen individuals, including four who worked at LAC-Lancaster and three who

2  worked at California Correctional Institution ("CCI") Tehachapi.  Plaintiff was advised that this

3  court does not have jurisdiction over claims against individuals at LAC-Lancaster or CCI.  (ECF

4  No. 14 at 8.)  Plaintiff must pursue those claims by filing a complaint in the Central District of

5  California as to claims that arose at LAC-Lancaster, or in the Fresno Division of the Eastern

6  District of California as to claims that occurred at CCI.

7      In this action, plaintiff was granted leave to file a second amended complaint solely as to

8  his claim challenging the disciplinary proceeding that took place at Mule Creek State Prison,

9  provided plaintiff can set forth specific facts demonstrating his due process rights were violated

10  by a specific individual.  (ECF No. 14 at 8.)  Plaintiff shall name as defendants only those

11  individuals who allegedly violated plaintiff's constitutional rights while plaintiff was housed at

12  Mule Creek State Prison.  Importantly, plaintiff should refrain from filing a civil rights complaint

13  as to any prison disciplinary for which plaintiff has not yet exhausted his administrative remedies

14  through the final level of review.  (ECF No. 14 at 7.)  If plaintiff did not exhaust all available

15  administrative remedies prior to filing the instant action, plaintiff may wish to voluntarily dismiss

16  this action and re-file his action once he has exhausted such administrative remedies.

17      As to plaintiff's motion for appointment of attorney, the motion is denied.  District courts

18  lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v.

19  United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may

20  request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell

21  v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

22  (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

23  consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to

24  articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.

25  Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

26  appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

27  Circumstances common to most prisoners, such as lack of legal education and limited law library

28  access, do not establish exceptional circumstances that warrant a request for voluntary assistance

2

1    of counsel.  At this time, the court is unable to determine whether plaintiff can state a cognizable

2    civil rights claim.

3         Having considered the factors under Palmer, the court finds that plaintiff failed to meet his

4    burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

5    time.  In an abundance of caution, plaintiff is granted ninety days in which to file a second

6    amended complaint.  However, plaintiff is cautioned that no further extensions of time will be

7    granted.

8         Accordingly, IT IS HEREBY ORDERED that:

9         1.  Plaintiff's motion for the appointment of counsel (ECF No. 21) is denied without

10   prejudice; and

11        2.  Plaintiff's motion for extension of time is granted; and

12        3.  Plaintiff shall file his second amended complaint no later than ninety days from the

13   date of this order.  No further extensions of time will be granted.

14   Dated:  May 4, 2022

15

16                                              KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE
17

18   /mich2178.31

19

20

21

22

23

24

25

26

27

28

                                                3