UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN HANCY MICHEL,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIPSON, et al.,<br><br>Defendants. | No. 21-cv-2178 WBS KJN P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. On February 15, 2022, plaintiff's amended complaint was dismissed and plaintiff was granted leave to file a second amended complaint that challenges one disciplinary proceeding that took place at Mule Creek State Prison. (EF No. 14 at 8.) Following multiple extensions of time, plaintiff's second amended complaint is now before the court. As discussed below, the undersigned recommends that plaintiff's second amended complaint be dismissed without leave to amend, and this action be dismissed.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff's Allegations

Plaintiff claims that defendant D. Hardie authored a rules violation report ("RVR") that was heard too late by a lieutenant, and which resulted in plaintiff losing three months of time credits, in violation of plaintiff's due process rights. Plaintiff identifies D. Hardie as the sole defendant, employed as "Building 9 Tower" at Mule Creek State Prison. Plaintiff seeks money damages.

////

Plaintiff appended a copy of his initial grievance, signed January 21, 2021, submitted in connection with the RVR, as well as a copy of the December 6, 2020 RVR, and a Classification Committee Chrono dated June 30, 2021. In his initial grievance, plaintiff objected that the hearing on the RVR exceeded the time limits, and because plaintiff was under the CCCMS level of care,[1] he should have been provided a mental health assessment as stated in 3317 section 4 of Title 15, and first given a fair warning. (ECF No. 24 at 5, 7.)

Discussion

Plaintiff alleges no facts tying defendant D. Hardie to the hearing on the RVR. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). The RVR provided by plaintiff confirms that although defendant Hardie was the reporting officer, the RVR was referred to the senior hearing officer. (ECF No. 24 at 9.) Thus, plaintiff's allegations fail to state a claim as to defendant Hardie.

In order to pursue a due process violation committed by the hearing officer conducting the hearing, or responsible for the alleged delay, plaintiff would need to identify the hearing officer or other responsible party. But even assuming plaintiff could name the appropriate individual as a defendant, plaintiff fails to state a cognizable due process claim, as discussed next.

As a result of the disciplinary proceedings before the unidentified lieutenant, plaintiff lost three months of good time credit. (ECF No. 24 at 3.) The loss of good time credit based on a finding that a prisoner violated prison rules generally implicates a federally protected liberty interest, such that the prisoner is entitled to certain procedural protections. See Sandin v. Conner, 515 U.S. 472, 487 (1995) (finding no liberty interest where the State's action did not "inevitably affect the duration of [the prisoner's] sentence"); Pena v. Spearman, 2015 WL 435062 at *3 (N.D.

---

[1] The Mental Health Services Delivery System Program Guide for the California Department of Corrections and Rehabilitation provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

3

Cal. Feb. 2, 2015) (noting that assessment of good time credits ordinarily "will inevitably affect the duration of [the prisoner's] sentence" under Sandin).

An inmate is not entitled to the full panoply of due process rights that apply to traditional criminal cases. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Where such a liberty interest is at stake, a prison is entitled to the following procedural protections:

> (1) advance written notice of the charges; (2) a brief period of time, no less than 24 hours, to prepare for a hearing; (3) a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action; (4) an opportunity to call witnesses and present documentary evidence when doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) an opportunity to seek the aid of a fellow inmate or prison staff for complex matters.

Barboza v. Kelsey, 2008 WL 2512785 at *9 (C.D. Cal. Sept. 24, 2007) (summarizing Wolff, 418 U.S. at 563-70), R&R adopted by 2008 WL 2512785, 2008 U.S. Dist. LEXIS 107960 (C.D. Cal. June 23, 2008). When state prison regulations provide a prisoner with more extensive protections than those required by Wolff, however, the due process clause does not require the state to comply with its own, more generous procedures. Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994), abrogated on other grounds by Sandin, 515 U.S. at 484-87.

Plaintiff was previously informed as to what process is required under Wolff. (ECF No. 14 at 7.) However, in his amended pleading, plaintiff identifies no due process right identified by the court in Wolff. The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. See Walker, 14 F.3d at 1419-20. The fact that plaintiff's disciplinary hearing was delayed fails to demonstrate a violation of due process. Moreover, as to such delay, the grievance response states the following:

> On December 14, 2020, Officer M. Armenta documented in Strategic Offenders Management system serving claimant (plaintiff) a copy of Notifications of Exceptional Circumstances memorandum, specifically noting exceptional circumstances exist which precludes and postpones the hearing of the RVR due to a medical emergency, COVID-19 quarantine being initiated, referencing Memorandum dated April 21, 2020 authored by DAI Director Connie Gipson.

(ECF No. 24 at 14.)  It does not appear that plaintiff was housed in administrative segregation pending the hearing; rather, it appears that plaintiff was assessed the loss of time credits at the hearing.

Finally, to the extent plaintiff contends that defendant violated Cal. Code Regs., tit. 15 section 3317(a) by failing to conduct a Mental Health Assessment to determine whether his mental health treatment may have contributed to the behavior resulting in the RVR, such putative argument fails.  Even if prison officials violated this state regulation, it is not clear that plaintiff's federal constitutional right to due process was violated, because plaintiff alleges no facts demonstrating how or why the failure to conduct a Mental Health Assessment affected the fairness of the hearing.  See Dasenbrock v. Lizzaraga, No. 15-00460, 2017 WL 2547142 at *12, 2017 U.S. Dist. LEXIS 90805 at *33 (E.D. Cal. June 13, 2017) (in habeas context, finding that prisoner's "right to such an assessment arises, if at all, under state law" and finding any violation of section 3317 harmless because the prisoner did not "suggest how the failure to procure a[n] . . . assessment . . . had a substantial or injurious effect on his disciplinary proceedings").  In sum, the second amended complaint fails to state a procedural due process claim against the unidentified lieutenant who was the hearing officer for the disciplinary hearing.

Amendment Futile

Plaintiff has been given two opportunities to file a pleading that states a cognizable civil rights complaint.  Because plaintiff has not identified a cognizable due process violation in connection with the December 6, 2020 RVR, the second amended complaint should be dismissed without leave to amend, and this action should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 24, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mich2178.56