UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN HANCY MICHEL, | No. 2:21-cv-2178 WBS KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CONNIE GIPSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On December 12, 2022, plaintiff filed a one-page document styled, "Third Amended Complaint; and Motion to Substitute." (ECF No. 28.) As discussed below, plaintiff's motion to substitute is denied, and plaintiff's third amended complaint should be dismissed without leave to amend.

Background

Plaintiff's second amended complaint named D. Hardie, who worked in building 9 tower, and authored the rules violation report against plaintiff; the subsequent hearing on the violation was allegedly heard too late by an unidentified lieutenant and resulted in plaintiff losing three months of good time credits. On October 24, 2022, the undersigned recommended that plaintiff's second amended complaint be dismissed without further leave to amend. Plaintiff filed objections and sought leave to submit a third amended complaint. On November 14, 2022,

1

plaintiff was granted leave to submit a third amended complaint, but because it was unclear plaintiff could rectify the identified deficiencies by amendment, the findings and recommendations would remain pending.

Discussion

Plaintiff purportedly seeks to "substitute all current defendants for M. Carter." (ECF No. 28 at 1.) Plaintiff then supplies his allegations as to Lt. M. Carter, adding that the rules violation hearing was held 42 days after the incident, violating Title 15 which requires that such violations must be heard within thirty days. As a result, plaintiff lost 90 days good time credit.

Because plaintiff's allegations as to defendant Hardie differs from those against Carter, it is inappropriate to substitute Carter for Hardie. Instead, the court construes plaintiff's filing as his third amended complaint against defendant Carter, vacates the pending findings and recommendations, and screens the amended pleading.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Discussion

As a result of the disciplinary proceedings before defendant Carter, plaintiff lost 90 days good time credit. The loss of good time credit based on a finding that a prisoner violated prison rules generally implicates a federally protected liberty interest, such that the prisoner is entitled to certain procedural protections. See Sandin v. Conner, 515 U.S. 472, 487 (1995) (finding no liberty interest where the State's action did not "inevitably affect the duration of [the prisoner's] sentence"); Pena v. Spearman, 2015 WL 435062 at *3 (N.D. Cal. Feb. 2, 2015) (noting that assessment of good time credits ordinarily "will inevitably affect the duration of [the prisoner's] sentence" under Sandin).

That said, an inmate is not entitled to the full panoply of due process rights that apply to traditional criminal cases. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Where such a liberty interest is at stake, a prison is entitled to the following procedural protections:

> (1) advance written notice of the charges; (2) a brief period of time, no less than 24 hours, to prepare for a hearing; (3) a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action; (4) an opportunity to call witnesses and present documentary evidence when doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) an opportunity to seek the aid of a fellow inmate or prison staff for complex matters.

Barboza v. Kelsey, 2008 WL 2512785 at *9 (C.D. Cal. Sept. 24, 2007) (summarizing Wolff, 418 U.S. at 563-70), R&R adopted by 2008 WL 2512785, 2008 U.S. Dist. LEXIS 107960 (C.D. Cal. June 23, 2008). But even if state prison regulations provide a prisoner with more extensive protections than those required by Wolff, the due process clause does not require the state to comply with its own, more generous procedures. Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th

1  Cir. 1994), abrogated on other grounds by Sandin, 515 U.S. at 484-87.

2      Plaintiff has twice been informed as to what process is required under Wolff.  (ECF No.
3  14 at 7; 24 at 4-5.)  However, in his second amended pleading, plaintiff again alleges no due
4  process right identified by the court in Wolff.  The Due Process Clause only requires that
5  prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require
6  that a prison comply with its own, more generous procedures.  See Walker, 14 F.3d at 1419-20.
7  The fact that plaintiff's disciplinary hearing was delayed fails to demonstrate a violation of due
8  process.  Moreover, as to such delay, the grievance response states the following:

> On December 14, 2020, Officer M. Armenta documented in Strategic Offenders Management system serving claimant (plaintiff) a copy of Notifications of Exceptional Circumstances memorandum, specifically noting exceptional circumstances exist which precludes and postpones the hearing of the RVR due to a medical emergency, COVID-19 quarantine being initiated, referencing Memorandum dated April 21, 2020 authored by DAI Director Connie Gipson.

13  (ECF No. 24 at 14.)  It does not appear that plaintiff was housed in administrative segregation
14  pending the hearing; rather, it appears that plaintiff was assessed the loss of time credits at the
15  hearing.

16      Therefore, the third amended complaint again fails to state a procedural due process claim.
17  Plaintiff's claim as to defendant Carter should be dismissed without leave to amend.

18  Further Amendment Futile

19      Plaintiff has had three opportunities to file a pleading that states a cognizable civil rights
20  claim.  Because plaintiff has not identified a cognizable due process violation in connection with
21  the December 6, 2020 rules violation report, the third amended complaint should be dismissed
22  without leave to amend, and this action should be dismissed.

23      Accordingly, IT IS HEREBY ORDERED that:

24      1. Plaintiff's motion to substitute (ECF No. 28) is denied;

25      2. Plaintiff's December 12, 2022 filing (ECF No. 28) is construed as his third amended
26  complaint; and

27      3. The October 24, 2022 findings and recommendations (ECF No. 25) are vacated.

28      Further, IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 16, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mich2178.mts.56